IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:05CV00290 JLH |
| | ) |
| CLINTON GORDON, Individually and on behalf | ) |
| of the ESTATE OF MYRTLE R. GORDON, | ) |
| Deceased; CHICKASAW CHEMICAL CO., INC.; | ) |
| FARM PLAN CORPORATION; and EPHRON | ) |
| LEWIS, SR. | ) |

**JUDGMENT**

Upon application of the plaintiff, United States of America, for default judgment together with affidavit showing that the defendant, Clinton Gordon, is not an infant or an incompetent person, and is not in the military service of the United States and it appearing to the Court that Clint Gordon and Farm Plan Corporation, after having been properly served, have not answered, appeared or otherwise made any defense to the plaintiff's complaint and are wholly in default, it is therefore, ORDERED and ADJUDGED:

1. The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2. Defendant is in default on his obligation to plaintiff and is indebted to the United States of America in the principal sum of $11,845.70, and interest in the sum of $443.00 accrued to May 17, 2006, and thereafter at the rate of 1% per annum to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, plus advances and recoverable charges made pursuant to the terms of the promissory note and mortgage and any additional recoverable charges and advances made during the pendency of this action, and costs of this

action. Plaintiff United States of America, U.S. Department of Agriculture, Rural Development, is hereby awarded judgment <u>in rem</u> against the property described herein for the above-mentioned sums. No personal judgment having been prayed for, none is rendered.

      3.      The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Rural Development (Farm Labor Housing Program Borrower), is secured by mortgages recorded in the records of the Circuit Clerk and Ex-Officio Recorder for Crittenden County, Arkansas, on July 22, 1980, in Record Book 608 at Page 898, and on October 22, 1980, in Record Book 612 at Page 164. Plaintiff's mortgages constitute a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendant, in and to the following described property in Crittenden County, Arkansas:

**A tract of land lying in the Southeast Quarter (SE¼) of Section 3, Township 7 North, Range 6 East, Crittenden County, Arkansas, more particularly described as follows: Beginning at the Northwest corner of the Southeast Quarter of said Section 3; thence North 89 degrees 57 minutes East along the North line of said Southeast Quarter, a distance of 1274.1 feet; thence South 48 degrees 12 minutes East a distance of 1811.9 feet to the East line of said Section 3; thence South 0 degrees 50 minutes West along said East section line, a distance of 500.3 feet to the center line of a canal; thence south 34 degrees 22 minutes west, a distance of 878.1 feet to the center line of Bay Ferry Road; thence following the center line of said road, North 25 degrees 35 minutes west, a distance of 500.0 feet; thence North 41 degrees 54 minutes west a distance of 300.0 feet; thence North 63 degrees 02 minutes west, a distance of 839.6 feet; thence North 38 degrees 41 minutes west a distance of 373.2 feet; thence North 7 degrees 39 minutes west a distance of 400.0 feet; thence North 39 degrees 12 minutes west a distance of 130.0 feet; thence North 53 degrees 29 minutes west, a distance of 397.0 feet; thence North 80 degrees 36 minutes west, a distance of 275.0 feet to the West line of said Southeast Quarter; thence leaving the center line of said Bay Ferry Road North 0 degrees 19 minutes East, a distance of 306.9 feet to the point of beginning.**

together with all improvements and appurtenances thereon.

4. If the above-described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 30days, at the South front door of the Crittenden County Courthouse, Marion, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, the purchase price shall be secured by one of the following methods at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 30 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. Section 2002, and shall forthwith report the result of the sale to the Court.

5. Upon the sale of the above-described real property all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower

of the defendant, in and to said property and every part thereof, shall from that date be foreclosed and forever barred.

6. After having been properly served both individually and on behalf of the Estate of Myrtle R. Gordon, Deceased, the defendant Clint Gordon is in default. The interests of said defendant are subordinate and inferior to plaintiff's mortgages and are hereby foreclosed.

7. After having been properly served, the defendant Chickasaw Chemical Company filed its answer stating it wanted to be paid should any funds remain in the Court's registry after payment to the United States of America. The interest of said defendant is subordinate and inferior to plaintiff's mortgages and is hereby foreclosed.

8. After having been properly served, the defendant Farm Plan Corporation is in default. The interest of said defendant is subordinate and inferior to plaintiff's mortgages and is hereby foreclosed.

9. After having been properly served, the defendant Ephron Lewis, Sr., filed his general denial answer. The interest of said defendant is subordinate and inferior to plaintiff's mortgages and is hereby foreclosed.

10. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance upon application therefor to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

11. The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America to the extent of the indebtedness owed to it, and next, to Chickasaw Chemical Company. In the event there is a surplus, it shall be retained in the registry of the Court subject to further orders of the Court.

12.     The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this   9th   day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE